UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FILED
MAY 28 2009
DAVID CREWS, CLERK
By_____ Deputy

| | |
|---|---|
| DOREAN WHITE, on behalf of herself and all similarly situated persons, <br><br> Plaintiffs, <br><br> HEARTLAND CATFISH COMPANY, INC., JIM TACKETT FISH FARMS, L.P., <br><br> Defendants. | COLLECTIVE ACTION <br><br> CASE NO. 4:09CV54 P-S <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Dorean White, on behalf of herself and all others similarly situated (hereinafter referred to as "Plaintiffs"), brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs seek relief from Defendant Heartland Catfish Company, Inc. and Jim Tackett Fish Farms, L.P., including all wholly or partially-owned subsidiaries of Heartland, that are engaged in the business of catfish processing at the Itta Bena, Mississippi plant (hereafter "Heartland"), for violations of Heartland's statutory obligation to pay employees for all time worked and for overtime for all work in excess of forty (40) hours per week performed by employees. Specifically, Heartland is obliged to pay employees for all time between the first compensable act of the day, and the last compensable act of the day, less any *bona fide* meal break(s). However, Heartland has willfully engaged in the practice of not recording the time for all work performed, and not compensating employees with appropriate payment for such work, often in excess of forty (40) hours in a work week.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), because Heartland's catfish processing plant is located in the Northern District of Mississippi, in Itta Bena, (the "Itta Bena plant") and thus Heartland conducts business and can be found in the Northern District of Mississippi.

## PARTIES

4. Plaintiffs brings this action on behalf of herself and all similarly-situated current, former, and future employees of Heartland who have held non-exempt catfish processing positions at any time from May 28, 2006 through May 28, 2009 and who have not been fully compensated by Heartland for all hours worked.

5. Plaintiff Dorean White's resides in Moorehead, Mississippi 38761 in Sunflower County, Mississippi. Plaintiff works for Heartland or its predecessors at the catfish processing plant in Itta Bena, Mississippi, and is a non-exempt employee within the meaning of the FLSA. Ms. White works as a hand-fileter for Heartland.

6. Defendant Heartland Catfish Company, Inc. is a corporation with its principal office in Itta Bena, Mississippi, and is engaged in the business of catfish processing. Heartland maintains its catfish processing facility in the Northern District of Mississippi. At all times relevant to this Complaint, Heartland was regularly engaged in interstate commerce and was an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207.

7. Defendant Jim Tackett Fish Farms, L.P. is a partnership with its principal office in Schlater, Mississippi and is the owner and operator of the Heartland Catfish Company, Inc. and is engaged, through Heartland Catfish Company, Inc., in the business of catfish processing. At all times relevant to this Complaint, Jim Tackett Fish Farms, L.P., through Heartland Catfish Company, Inc. was regularly engaged in interstate commerce and was an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207.

8. Defendants Heartland Catfish Company, Inc. and Jim Tackett Fish Farms, L.P., at all times hereinafter mentioned, have suffered or permitted to work the employees of said corporation, and therefore, have been an employer within the meaning of the FLSA [29 U.S.C. 203(d) and 203(g)].

9. At all times hereinafter mentioned, Defendants employed Plaintiffs, and others similarly situated, as employees who regularly were engaged in the production, processing, packaging and shipment of goods that have been produced for shipment, delivery and sale in interstate commerce. Such employees, therefore, have been and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA [29 U.S.C. 203(b) and 203(j)].

## ALLEGATIONS

10. Plaintiffs are hourly employees at the Itta Bena, Mississippi catfish processing plant owned by Defendants.

11. Catfish processing is labor-intensive, grueling, and often dangerous work. To prevent the catfish from spoiling, the plants are very cold. The floor is often wet and slippery and employees must work with fast-moving machinery, sharp knives,

3

and other tools.

12. Heartland's processing plant was operated like an assembly line in reverse: live catfish arrived at the start of the line, and they were killed, eviscerated, cut up and packaged or otherwise prepared for human consumption. Plaintiffs and other non-exempt catfish processing employees at the Heartland plant worked along this processing line, often rotating between different positions within their general area of the plant.

13. Regardless of the section of the processing line on which they work or worked, Plaintiffs and other members of the proposed class must keep pace with a fast-moving processing line while they use knives, scissors, or their hands to perform their assigned task.

14. Heartland requires Plaintiffs and other members of the proposed class to arrive at work well before the beginning of their scheduled shifts to engage in certain necessary activities for Heartland's benefit, which include the donning and sanitizing of required safety and sanitary equipment and gear. In addition, Heartland requires Plaintiffs and other members of the proposed class to continue working through part or all of their unpaid breaks, and to remain at their work stations or at the plant performing activities for the benefit of Heartland after their scheduled shifts end. Plaintiffs and other members of the proposed class are not compensated for any of this required work time.

15. Under the Fair Labor Standards Act, each workday begins with the first compensable act, and runs through the last compensable act, less any *bona fide* meal break(s). All hours between the first compensable act and last compensable act during

each workday are to be recorded, and if the total number of hours per week exceeds forty (40) hours, then workers are entitled to overtime pay for such hours.

16. Plaintiffs and other members of the proposed class all begin their workday with the first compensable act of donning and sanitizing required safety and sanitary equipment, and all end their workday with the last compensable act of doffing, cleaning and storing such equipment. However, Heartland does not record this time and fails, or refuses, to compensate Plaintiffs and other members of the proposed class for all hours worked including all hours worked in excess of forty (40) hours per week.

17. Heartland requires Plaintiffs and other members of the proposed class to wear safety and sanitary equipment and gear in order to perform their jobs. Heartland requires them to wear this safety and sanitary equipment and gear which is integral and indispensable to the performance of their duties. Plaintiffs and other members of the proposed class are not compensated for any of this necessary work time.

18. Generally, this equipment and gear includes a combination of the following items: smocks or coats, plastic aprons, hard plastic arm guards, plastic sleeve covers, safety glasses, ear plugs, rubber gloves, cotton liner gloves, chain or mesh cutting gloves, hard hats or bump caps, hairnets, and beard nets.

19. The services performed by Plaintiffs, and all others similarly situated, were a necessary and integral part of and directly essential to Defendants' business.

20. Heartland requires Plaintiffs and other members of the proposed class to comply with strict work-time schedules. Plaintiffs and other members of the proposed class must report to their assigned work stations, wearing all sanitized safety and sanitary equipment and gear by the scheduled start time for their shifts. Plaintiffs and

other members of the proposed class are not compensated for any of this required work time.

21. Plaintiffs and others members of the proposed class are required by Heartland to "swipe in" and "swipe out" on time clocks at the beginning and end of their work day. However, Heartland does not generally pay employees in accordance with the in and out times recorded for each employee. Instead, Heartland pays most employees according to "line time" which is determined by supervisors based on when certain lines or departments are supposed to be in operation. Line time is thus an artificial construct which does not record all hours actually worked by Heartland employees.

22. Each day, Plaintiffs and other members of the proposed class are entitled to receive two unpaid thirty (30) minute breaks. Plaintiffs and other members of the proposed class must often continue to work substantial portions of their unpaid break periods, and must clean up and remove their safety and sanitary equipment and gear prior to actually beginning those breaks. Likewise, they must end their unpaid break periods early to don and sanitize their safety and sanitary equipment and gear and report back to their work station. Consequently, Plaintiffs and other members of the proposed class receive less than twenty (20) minutes of each unpaid break.

23. After Plaintiffs and other members of the proposed class complete their production work, they must clean and wash equipment and gear, remove their safety and sanitary equipment and gear, and deposit or store it in their lockers, the laundry, or the garbage. Plaintiffs and other members of the proposed class are not compensated for this required work.

24.     Defendants repeatedly and intentionally violated the provisions of 29 U.S.C. §§211(c) and 215 (a)(5) and Regulation 29 C.F.R. Part 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by Defendants as prescribed in the aforesaid Regulations.

25.     This unlawful conduct by Heartland has been widespread, repeated and consistent at its Itta Bena, Mississippi plant. Despite years of litigation by both private Plaintiffs and the Department of Labor against pork, beef, chicken and catfish processors over failure to compensate employees for all time worked, from first compensable act to last, Heartland persists in its unlawful practices.

26.     Heartland's supervisors know that Heartland employees perform work that is uncompensated. The supervisors observe the employees, and often direct them in, performing work for the benefit of Heartland during time that is not recorded by Heartland for which the employees are not compensated. In addition, the supervisors determine which time worked by the employees will be paid by Heartland.

27.     Plaintiffs bring this action against Heartland because Heartland has willfully engaged in a pattern and practice of unlawful conduct by declining to record and pay for all of the time it requires or permits its members of the proposed class to work, in violation of the FLSA.

28.     Heartland knew or should have known that its supervisory and management personnel permit or require Plaintiffs and other members of the proposed class to perform work which is for the benefit of Heartland, and which is integral to Heartland's catfish processing business, without appropriate compensation, including

time spent donning, doffing, and cleaning safety and sanitary equipment and gear, reporting early and waiting at their work stations, working after their shift has ended, and working during their unpaid breaks.

29. The conduct of Heartland, set forth above, has been willful, in bad faith, and has caused significant damages to Plaintiffs and other members of the proposed class.

30. Plaintiffs are required to wear various safety and sanitary gear and equipment for their positions with Heartland.

31. Before they report to their work stations each day, Plaintiffs have to obtain gear from the supply room or lockers, don all safety and sanitary equipment, sanitize said equipment, and then walk to their department and report to their work station. Plaintiffs are not compensated for any of these activities which were integral and indispensable to Heartland's catfish processing business and which relat to their principal employment duties.

32. Plaintiffs are compensated according to "line time," not the times they punch in and out.

33. After they have completed their work on the line, Plaintiffs must to remove and clean their required safety and sanitary gear and return or store their smocks and other gear. Plaintiffs are not compensated for any of these activities which are integral and indispensable to Heartland's catfish processing business and which relat to their principal employment duties.

34. Plaintiffs are entitled to two 30-minute unpaid breaks each day. Although Plaintiffs 30-minute break has already begun, before going on break, they

have to clean and remove their safety and sanitary gear and equipment and then put on their gear and equipment before the end of the break in order to be at their work station within their 30-minute break period.

35. Defendants' supervisors knew Plaintiffs were not compensated for all work performed. Each day, they saw Plaintiffs performing integral and indispensable tasks for the benefit of Heartland and were in control of the time for which Plaintiffs are paid. Defendants' supervisors know this practice of not paying employees for work performed is still ongoing.

36. Plaintiffs are denied compensation, either at a regular rate or at an overtime premium, for hours they work beyond the "line time" recorded by Heartland, and are not paid overtime for those hours that are in excess of forty (40) hours per work week. Defendants know this practice of not paying employees is still ongoing and know that Plaintiffs are still being denied this compensation.

37. Defendants have not made a good faith effort to comply with the FLSA.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

38. Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth again fully at this point.

39. Plaintiffs brings this action on behalf of themselves and the following proposed class of similarly-situated employees: a collective action consisting of all current, former, and future employees of Heartland who have held non-exempt positions at the Itta Bena, Mississippi plant at any time during all or any part of the period from May ___ 2006 to May ___ 2009 who have not been compensated for all hours worked including all hours worked in excess of forty (40) hours per week, and who have not

9

been fully compensated for hours worked, in violation of the FLSA.

40. Heartland's catfish processing plant in Itta Bena employs several hundred employees. Upon information and belief, there will be hundreds of potential members of the collective action.

41. The non-exempt catfish processing employees at Heartland have been subject to the unlawful practices alleged herein, and therefore, are similarly situated to the named representatives in this collective action. The proposed class members work in similar jobs, all in catfish processing, they all work in the same location, and are subject to the same pay practices. All proposed class members, like the named Plaintiffs, are required to begin their work day by obtaining, donning and santizing required safety and sanitary gear, and all end their work day by doffing, cleaning, and storing that same gear. Thus, the first and last compensable act of each workday is the same for these proposed class members.

42. The employment policies, practices and agreements of Heartland raise questions of fact common to the class including:

    a. whether Heartland has engaged in a pattern or practice of permitting or requiring Plaintiffs and members of the proposed class to work before "line time" has begun, after "line time" has ended, or during unpaid breaks, for the benefit of Heartland and without appropriate compensation, in violation of the FLSA , and whether such activities are integral and indispensable and relate to the non-exempt employees' principal employment duties at the catfish processing plant owned by Defendants;

  b. Whether Heartland has engaged in a pattern or practice of refusing to pay Plaintiffs and members of the proposed class for all hours worked from the first compensable act to the last compensable act, subtracting only time permitted for *bona fide* meal breaks of at least 20 minutes or more, in violation of the FLSA and state law;

  c. whether Heartland has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiffs and members of the proposed class, in violation of the FLSA;

  d. whether Heartland has engaged in a pattern or practice of permitting or requiring Plaintiffs and members of the proposed class to work overtime in excess of 40 hours in a work week without appropriate compensation, in violation of the FLSA;

  e. whether Heartland has engaged in a pattern and practice of permitting or requiring Plaintiffs and members of the proposed class to perform work for the benefit of Heartland during unpaid breaks;

  f. whether the conduct of Heartland was willful;

  g. whether Plaintiffs and members of the proposed class are entitled to lost wages, liquidated damages and the other relief requested.

  43. The claims of the named Plaintiffs are similar to those of the class members, in that Plaintiffs have been subject to the same conduct as members of the putative collective action and Plaintiffs' claims are based on the same legal theory as members of the collective action.

  44. Plaintiffs' FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## FLSA CLAIM

45. Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth again fully at this point.

46. Heartland has willfully violated the FLSA by engaging in a pattern or practice of:

    a. failing to keep accurate records showing all the time it permitted Plaintiffs and members of the proposed collective action to work, from the first compensable act to the last compensable act, which has resulted in the denial of compensation, either at a regular rate or an overtime premium, as required by the FLSA, for all time worked in excess of forty (40) hours in a work week;

    b. permitting or requiring Plaintiffs and members of the proposed collective action to perform integral and indispensable activities before and after the regular paid work time, and during unpaid breaks, and in addition to working forty (40) hours in a work week, for the benefit of Heartland and without compensation at the applicable federal overtime rates;

    c. permitting or requiring Plaintiffs and members of the proposed collective action to work overtime in excess of forty (40) hours in a work week without appropriate compensation;

    d. permitting or requiring Plaintiffs and members of the proposed collective action to perform work for the benefit of Heartland during unpaid breaks and, as a result, causing Plaintiffs and members of the proposed class to receive unpaid rest periods of 20 minutes or less per work day, yet nonetheless deducting 30 minutes per break period from employees' paid time.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Heartland as follows:

A.  Authorizing notice to issue to members of the collective action and permitting persons a reasonable opportunity to join this litigation;

B.  Awarding damages from Heartland for Plaintiffs and members of the proposed class, including compensation for unrecorded work time, interest, and liquidated or exemplary damages, in amounts to be proven at trial;

C.  Awarding all costs of litigation, including expert fees and attorneys' fees;

D.  Awarding such other legal and equitable relief as the Court deems proper; and

E.  The Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated: May 28, 2009

_____
Roger K. Doolittle
Attorney at Law
460 Briarwood Drive, Suite 500
Jackson, MS 39206
Phone: (601) 957-9777
Fax: (601) 957-9779

_____
Candis McGowan
Robert L. Wiggins, Jr.
Jake A. Kiser
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203
Tel: (205) 314-0513
Fax: (205) 254-1500
cmcgowan@wcqp.com

13