**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DOREAN WHITE, ET AL.**                                                                            **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO. 4:09cv54-WAP-JMV**

**HEARTLAND CATFISH COMPANY, INC.**                                **DEFENDANT**

## ORDER

A status conference was held in this matter today for the purpose of making amendments to the current Case Management Order ("CMO"). As a result of said conference, the existing CMO (Doc. # 68), as amended by Text Order of 9/9/11, is further amended to the extent that Section 6, "Discovery Provisions and Limitations," shall include the following introductory statement and changes:

**6. DISCOVERY PROVISIONS AND LIMITATIONS.**

There are currently in the neighborhood of 250 opt ins in addition to the original named plaintiffs in this matter. The defendant shall, within 21 days of entry of this order, provide to counsel for the plaintiff the following information for each named plaintiff and for each opt in plaintiff: dates of employment; hours worked for each week of employment; job title or titles (and corresponding dates in the event job titles changed during employment). Within 7 days thereafter, counsel for the parties shall have selected 40 persons from the approximately 250 opt ins who counsel may thereafter take discovery of as addressed further below. The 40 persons selected shall be comprised of 20 designated by counsel for the named plaintiffs and 20 selected by counsel for the defendant. Counsel shall use their best efforts in making their selections to designate persons who appear to be representative of the conditional class that has been certified. The parties should also undertake to identify which persons on the opt in list the parties can agree have no colorable claim and such persons should not be designated by either party as one of the 40 selected to provide discovery. Notwithstanding the foregoing, the parties selection of the aforesaid 40 persons for discovery purposes shall not be offered or relied on at any decertification hearing as evidence of the defendant's concession that the class should be finally certified.

Counsel for the plaintiff shall be entitled to notice a 30(b)6 deposition and 10 additional fact witness depositions. Counsel for the plaintiff shall limit interrogatories to 30, requests for


production to 30 and requests for admission to 30. Counsel for the defendant shall be entitled to take the deposition of each of the 40 selected opt ins and the named plaintiffs but shall not propound written discovery to any person other than one who it elects not to depose. In the event it elects not to depose one of the selected 40 persons, written discovery to such person shall be limited to 10 interrogatories, 10 requests for admission and 10 requests for production.

**A.** Interrogatories and Requests for Admissions are limited to

<u>See above statement</u>    [Expedited: 15; Standard and Complex: 30] succinct questions.

**B.** Depositions are limited to the parties and no more than

<u>See above statement</u>    [Expedited: 3; Standard: 5; Complex: 10] fact witness depositions per party without additional approval of the court. The 30(b)(6) deposition notice will count as one deposition, regardless of the number of deponents tendered for the same.

SO ORDERED this, 20th day of January, 2012.

<u>/s/ Jane M. Virden</u>
U. S. MAGISTRATE JUDGE